IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 00-26T |
| | : | |
| ANDRE D. TUCKER | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION IN TERM OF IMPRISONMENT AS A RESULT OF AMENDED GUIDELINE RANGE

## I. Introduction

The defendant, Andre D. Tucker ("Tucker"), has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Defendant's motion is grounded upon the 2007 amendments to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine. The amendments were also made retroactive pursuant to U.S.S.G. § 1B1.10 effective March 3, 2008.

Following a long-term 34-defendant investigation by the Federal Bureau of Investigation (FBI) designated "Operation Stateline", a Federal Grand Jury returned an indictment against Tucker charging him with ten counts: Count 1 conspiracy to distribute cocaine base and cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 846; Counts 2, 4, 6, and 7 distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Counts 3 and 5 distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Count 8 distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); Count 9 felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1).[1] Conservatively, the prosecution involved a total of 149.3 grams of cocaine base in the form of crack cocaine, 13.02 grams of powder cocaine and a .380 Bryco semi-automatic pistol.

Because this was a poly-drug case, the crack and the powder were converted into an equivalent amount of marijuana. The Presentence Investigation Report (PSR) based the sentencing guideline calculations on 2988.60 kilograms of marijuana. That yielded a Base Offense Level of 32. Tucker was adjusted upward 2 levels for the firearm and 4 levels as an organizer or leader. Tucker then received a downward adjustment of three levels for acceptance of responsibility, resulting in a Total Offense Level of 35. Tucker had twelve criminal history points putting him in Criminal History Category V.

His guideline range was 262-327 months imprisonment. Tucker was sentenced to 290 months imprisonment, five years supervised release and $14,231.20 in fines. At present, his projected release date by the Bureau of Prisons is August 13, 2021.

In his motion, Tucker calculated that his offense level should be reduced by 2 levels under the amended guidelines. He is correct.

## II. Argument

### A. Authority

Section 3582(c)(2) of Title 18 states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons,

---

[1] Tucker was also originally charged in Count 10 with using a firearm during drug trafficking in violation of 18 U.S.C. § 924(c). That count was later dismissed.

> or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, U.S.S.G. § 2D1.1 was amended. The amendments generally reflect a two-level decrease from the earlier guidelines for cases involving quantities of crack cocaine. The amendments were designated as Appendix C, Amendments 706 and 711. The amendments were made retroactive under U.S.S.G. § 1B1.10. They became effective March 3, 2008. Section 1B1.10 states, in part:

> (a) Authority. -
>
> (1) In General. - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -
>
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation. - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment. -

(1) In General. - In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction. -

(A) In General. - Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

Amendments designated as 706 and 711 of Appendix C are covered amendments under U.S.S.G. § 1B1.10.

Application Note 1(A) of U.S.S.G. § 1B1.10 states:

Eligibility. - Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

B. Analysis

Applying the crack cocaine amendments to Tucker's case yields a Base Offense Level of 30.[2] Increasing by 2 levels for the firearm and by a 4 level leadership role now yields an offense level of 36. With the adjustment of three levels for acceptance of responsibility, the guideline range for Total Offense Level 33 Criminal History Category V is 210-262 months imprisonment.

This, however, does not end the matter. The reduction is not axiomatic. The Court retains its discretion as to whether a reduction should be allowed. That discretion is found within the words of § 3582(c)(2) which states that "the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added). Several Circuits agree that the Court acts within its discretion in deciding a motion for reduction of sentence made pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995).

In the exercise of that discretion, the Court engages in a two-step process. First, the Court substitutes the amended guideline range for the original guideline range and determines what sentence it would have imposed. In doing so, all other original guidelines decisions remain

---

[2] Currently, Tucker would not be entitled to a reduction because of the operation of the conversion tables relative to poly-drug cases. However, an even newer amendment to Application Note 10(D), with an effective date of May 1, 2008 supports the two level reduction. The synopsis to that new amendment to U.S.S.G. § 2D1.1 provides, "This proposed amendment modifies the commentary to § 2D1.1 [ ] to revise the manner in which combined offense levels are determined in cases involving cocaine base ("crack cocaine") and one or more other controlled substance." The result is that most defendants will be eligible for the two level reduction. Three exceptions exist. None are applicable to this case. Since Tucker will be heard after May 1, 2008 this amendment will also apply to his case.

intact. Second, the Court considers the 18 U.S.C. § 3553(a) factors and determines whether or not to grant the reduction. Vautier, 144 F.3d at 760.

Pursuant to subsections (i), (ii) and (iii) to Application Note 1(B) to U.S.S.G. § 1B1.10, the Court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations (subsection (ii)), and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative (subsection (iii)). Subsections (i), (ii) and (iii) all state, however, that these factors are relevant in determining whether and by how much to reduce a sentence *only* within the limits set forth in U.S.S.G. § 1B1.10(b).

It is that section, U.S.S.G. § 1B1.10(b), which sets the floor for any reduction in sentence. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in § 1B1.10(b)(2) that, with one exception,[3] "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement *to a term that is less than the minimum of the amended guideline range determined under subdivision*

[3] The exception, not applicable here, is set forth in § 1B1.10(b)(2)(B), which provides that if the defendant's "original term of imprisonment was *less* than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate." (emphasis added). Section 1B1.10(b)(2)(B) further provides that if the defendant's original sentence "constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

*(1)*." U.S.S.G. § 1B1.10(b)(2)(A). (emphasis added). Application Note 3 to § 1B1.10 confirms the point:

> Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1).[4]

Accordingly, if this Court decides to reduce the defendant's sentence, the extent of the reduction is strictly limited -- here, because the sole exception does not apply, to the low-end of the new guideline range.

As noted above, Tucker's original guideline range was 262-327 months imprisonment. The Court sentenced Tucker to a mid-range term of 290 months. Applying the amendments, the new range would be 210-262 months. The Court has discretion to reduce the sentence from 290 months, but not below 210 months, the low end of the new guideline range.

---

[4] Application Note 3 to Section 1B1.10 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

In sum, while this Court should consider the § 3553(a) factors in determining whether to reduce the defendant's sentence, it must abide by the limitations on sentencing reductions directed by Congress. Here, that limitation is the low end of the defendant's new guideline range of 210-262 months. Assuming that the Defendant's institutional conduct has been acceptable[5], a reduction in the Court's discretion is available to Tucker.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ GERARD B. SULLIVAN
Gerard B. Sullivan
RI Bar No. 3134
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
gerard.sullivan@usdoj.gov

[5] The government does not believe that the United States Probation Office has at this time prepared an updated report on Tucker which would assist the Court in determining whether, and to what extent, to grant a reduction.

CERTIFICATION

I hereby certify that on the 28th day of April 2008, I electronically filed and served by ordinary, pre-paid postage, mail the Within Government's Response To Defendant's Motion For Reduction In Term Of Imprisonment As A Result Of Amended Guideline Range, to:

Andre D. Tucker
Reg. No. 04816-070
FCI - Ray Brook
P.O. Box 9006
Ray Brook, NY 12977

/s/ GERARD B. SULLIVAN
Gerard B. Sullivan
RI Bar No. 3134
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
gerard.sullivan@usdoj.gov